**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

SU ZHOU, by and through her Power of Attorney SUSAN ZHANG, individually and on behalf of herself and all similarly situated persons,

    Plaintiff,

v.

SECURITY LIFE OF DENVER INSURANCE COMPANY, a Colorado corporation; and VOYA FINANCIAL, INC., a New York corporation

    Defendants.

Civil Action No.:

## CLASS ACTION COMPLAINT AND JURY DEMAND

Plaintiff Su Zhou, by and through her Power of Attorney, Susan Zhang (collectively, "Plaintiff") brings this class action complaint against Security Life of Denver Insurance Company ("SLDIC") and its parent corporation Voya Financial, Inc. ("Voya") (collectively, "Security Life") on behalf of herself and on behalf of a putative class of other similarly situated persons. Upon information and belief, as well as the investigation of their undersigned counsel, Plaintiff alleges as follows:

### PARTIES

1.    Plaintiff is a resident and citizen of San Antonio, Bexar County, Texas. Susan Zhang is her daughter, and she holds a Power of Attorney for her.

2.    Defendant SLDIC is a Colorado corporation with headquarters at 8055 E. Tufts Avenue, Denver, Colorado 80237; SLDIC is thus a citizen of Colorado.

3. Defendant Voya is a Delaware corporation with its headquarters at 230 Park Avenue, New York, New York 10169; Voya is thus a citizen of Delaware and New York.

## JURISDICTION AND VENUE

4. Plaintiff brings this action on behalf of a putative nationwide class of Policyowners pursuant to Rule 23, *Federal Rules of Civil Procedure*.

5. This Court has jurisdiction over this action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d). The putative nationwide class contains more than 100 members, the aggregate amount in controversy exceeds $5,000,000, and Plaintiff is a citizen of a different state than Defendants SLDIC and Voya.

6. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because SLDIC is headquartered here and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

## NATURE OF THE ACTION

7. Plaintiff brings this individual and putative class action against Security Life to remedy the harm caused by its systematic breach of the uniform terms of the standardized indexed universal life insurance policy contract (the "Policy Contract") it entered with Plaintiff and thousands of other similarly situated policyowners throughout the United States (the "Policyowners").

8. Specifically, Security Life has failed and continues to fail to credit the Policyowners with the full amount of interest due under the express terms of the Policy Contract, including (a) by failing to properly credit interest on the initial payments they paid into their policies, which Security Life agreed would be calculated from the original "Policy Date," and (b) by failing to use

a correct interest calculation methodology, resulting in underpayment of interest due under the contract as of each Monthly Policy Date.

9. Plaintiff contends Security Life's systematic failure to credit interest constitutes a breach of the standardized Policy Contract, which has damaged Plaintiff and the other Policyowners in an amount to be determined at trial that is capable of mathematical calculation based on Security Life's own corporate books and records.

**COMMON FACTUAL ALLEGATIONS**

10. Voya's universal life insurance policy differs from a term life insurance policy in that, in addition to a death benefit, it provides for the establishment of a cash value account. The owner of the policy is allowed to allocate some or all of the cash value account in a saving option (i.e., a fixed interest component) and/or an investment option (i.e., an equity-index component).

11. Using the standardized Policy Contract, Security Life markets and issues the Voya Indexed Universal Life-Global Choice ("Voya IUL-Global Choice") life insurance policy nationwide, including to Policyowners residing in Texas such as Plaintiff. A true and accurate example of the standardized Policy Contract as issued to Plaintiff (excluding riders and her application) is attached as **Exhibit A**.

12. Security Life in the Policy Contract describes the Policyowner's Account Value as consisting of (a) the value of the "Fixed Strategy," (b) the value of the "Indexed Strategy," and (c) the value of the "Policy Loan Account" (if applicable). **Exhibit A**, at pages 5 & 14. All premiums paid are automatically initially credited to the Fixed Strategy.

13. Security Life in the Policy Contract describes the "Fixed Strategy" component as follows: "The Fixed Strategy is a strategy available under the policy through which you may elect

3

to have all or part of your Account Value earn interest at a rate declared by us, subject to the guaranteed minimum interest rate shown in the Account Value Policy Features and Benefits Schedule." **Exhibit A**, at page 5.

14. The Policy Contract provides that rate of interest to be credited under the Fixed Strategy at either (a) a guaranteed minimum interest rate of 2%, or (b) at a higher rate to be determined by Security Life, which is itself guaranteed to remain in effect for at least 12 months. **Exhibit A**, at page 4F-1.

15. The Policy Contract defines the "Policy Date" as the date stated in the Policyowner's Schedule. **Exhibit A**, at pages 4 & 8.

16. The Policy Contract specifies that the first "Monthly Processing Date" is the Policy Date, and that each subsequent Monthly Processing Date is the same calendar day of each month as the Policy Date. **Exhibit A**, at page 8.

17. The Policy Contract provides that the Value of the Fixed Strategy on the Policy Date includes "the Net Premium paid on that date." The Policy Contract further provides that the Value of the Fixed Strategy on any Monthly Processing Date other than the Policy Date includes:

   a. The value of the Fixed Strategy on the first day of the previous policy month; plus

   b. One month's interest on the value of the Fixed Strategy as of the first day of the previous policy month; plus

   c. Any Net Premium received since the most recent Monthly Processing Date <u>with interest from the date of receipt to the date of calculation</u>; ***

**Exhibit A**, at page 15 (emphasis added).

18. Accordingly, as of the first Monthly Processing Date following the Policy Date, the Policyowners are entitled to be credited interest on all net premiums and other amounts paid as of the Policy Date or that have been added to the Fixed Strategy since the Policy Date.

19. However, contrary to the uniform terms of the Policy Contract, Security Life (a) fails to credit the Policyowners correctly with interest for the full period following the Policy Date, and (b) fails to use a correct interest calculation methodology, resulting in underpayment of interest due under the contract as of each Monthly Processing Date.

## PLAINTIFF'S TRANSACTION

20. On August 27, 2015 Su Zhou paid Security Life $6,000.00 to accompany a Security Life Individual Life Insurance Application for a "Security Life IUL-Global Choice" Policy.

21. On October 8, 2015, Security Life issued Security Life Indexed Universal Life-Global Choice Policy # xxxx707 to Ms. Zhou. The Policy Contract showed a Stated Death Benefit of $1,000,000, a Scheduled Premium of $28,000 annually, and a Policy Date of October 8, 2015. See **Exhibit A**, at page 4.

22. On October 23, 2015 Ms. Zhou paid Security Life $22,000 as the balance of the initial premium for Policy # xxxx707.

23. As confirmed by Security Life's Annual Statement dated October 7, 2016, a true and accurate copy of which is attached as **Exhibit B**, Ms. Zhou's full premium payment of $28,000 was booked to her account as of December 8, 2015, at which time policy charges for the first three months of the policy (in the amount of $5,543.65) were deducted from her account, while only one

month's interest was credited to her account (that is, from November 8, 2015, through December 8, 2015):

| Monthly Processing Date | Premium Payments | Admin Charges | Policy Charges | Cost of Insurance Charges | Rider Charges | Other Adjustments/ Charges * | Credited Interest and Index Credits | Account Value ** |
|---|---|---|---|---|---|---|---|---|
| 10/08/15 | 0.00 | -0.00 | -0.00 | -0.00 | -0.00 | 0.00 | 0.00 | 0.00 |
| 11/08/15 | 0.00 | -0.00 | -0.00 | -0.00 | -0.00 | 0.00 | 0.00 | 0.00 |
| 12/08/15 | 28,000.00 | -4,822.42 | -60.00 | -213.97 | -447.26 | 0.00 | 69.39 | 22,525.74 |
| 01/08/16 | 0.00 | -674.14 | -20.00 | -71.45 | -149.35 | 0.00 | 76.84 | 21,687.64 |
| 02/08/16 | 0.00 | -674.14 | -20.00 | -71.51 | -149.48 | 0.00 | 65.61 | 20,836.12 |
| 03/08/16 | 0.00 | -674.14 | -20.00 | -71.57 | -149.61 | 0.00 | 49.58 | 19,972.38 |
| 04/08/16 | 0.00 | -674.14 | -20.00 | -71.64 | -149.74 | 0.00 | 43.01 | 19,099.87 |
| 05/08/16 | 0.00 | -674.14 | -20.00 | -71.70 | -149.88 | 0.00 | 30.81 | 18,214.96 |
| 06/08/16 | 0.00 | -674.14 | -20.00 | -71.77 | -150.01 | 0.00 | 21.06 | 17,320.10 |
| 07/08/16 | 0.00 | -674.14 | -20.00 | -71.83 | -150.15 | 0.00 | 8.71 | 16,412.69 |
| 08/08/16 | 0.00 | -674.14 | -20.00 | -71.90 | -150.29 | 0.00 | 0.18 | 15,496.54 |
| 09/08/16 | 0.00 | -674.14 | -20.00 | -71.97 | -150.43 | 0.00 | 0.00 | 14,580.00 |
| 10/07/16 | 0.00 | -0.00 | -0.00 | -0.00 | -0.00 | 0.00 | 0.00 | 14,580.00 |
| Totals | 28,000.00 | -10,889.68 | -240.00 | -859.31 | -1,796.20 | 0.00 | 365.19 | |

\* Other Adjustments/Charges include items such as value adjustments, surrender charges (associated to face decreases or death benefit option changes), if applicable, partial withdrawals, partial withdrawal fees, partial deductions, partial deduction offsets, etc.
\*\* Account Value is as of a Monthly Processing Date.

24.     Security Life thus failed to pay Ms. Zhou interest owed to her under the Policy Contract on (a) the $6,000 from the October 8, 2015 Policy Date, and (b) the $22,000 from the October 23, 2015 payment receipt date.

25.     Furthermore, Ms. Zhou was shortchanged even on the one month's interest that Security Life did credit to her account. Security Life credited Ms. Zhou with only $69.39 in interest. Using the stated account value on December 8, 2015 of $22,525.74, minus the interest of $69.39, plus one month's fees of $914.54, the account value on November 8, 2015 was $23,370.89. Interest on that amount for one month, calculated at Voya's declared crediting rate of 4.25% for the Fixed Interest Strategy, equals $82.77. Security Life thus failed to credit Ms. Zhou interest owed to her under the Policy Contract.

26. As a consequence of its failure to begin crediting interest in accordance with the Policy Contract and its failure to apply a correct interest calculation methodology, Security Life furthermore failed to credit Plaintiff with the full amount of interest due as of each Monthly Processing Date.

## CLASS ACTION ALLEGATIONS

27. Plaintiff brings this action individually and on behalf of the following nationwide class of similarly situated Policyowners, pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3):

> All persons to whom Security Life issued a "Voya Indexed Universal Life-Global Choice" insurance policy within the applicable limitations period.

("the National Class").

28. To whatever extent the Court declines to certify a nationwide class, Plaintiff in the alternative seeks certification of a state-wide class of all members of the National Class residing in the State of Texas when Security Life issued the Policy Contract to them ("the Texas Sub-Class"). The National Class and the Texas Sub-Class are hereinafter collectively referred to as "the Classes."

29. Excluded from the Classes are: (1) Security Life, any entity or division in which Security Life have a controlling interest, and their legal representatives, officers, directors, employees, assigns, and successors; (2) the Judge to whom this case is assigned and the Judge's staff; and (3) those Policyowners who have in pending or resolved actions against Security Life asserted on an individual basis the same claims asserted by Plaintiff in this action.

30. Members of the Classes are so numerous (reasonably estimated in the thousands) that joinder of all members is impracticable. Although the exact number of prospective class

members is uncertain and can only be ascertained through appropriate discovery, the number is great enough such that joinder is impracticable. The disposition of the claims of all members of the Classes in a single action will provide substantial benefits to all parties and to the Court. The identity and contact information for all members of the Classes is readily and objectively determinable from information and corporate records in Security Life's possession, custody, or control.

31. The claims of the representative Plaintiff are typical of the claims of the other members of the Classes. The factual grounds for Plaintiff's breach of contract claim are common to all members of the Classes, premised as they are on the uniform language of the standardized Policy Contract.

32. Questions of law and fact exist that are common to the Classes and predominate over any questions affecting individual members of the Classes. These include, among others:

(a) Whether Security Life breached its contractual obligations under the uniform terms of the standardized Policy Contract governing the crediting of interest to the Policyowner;

(b) The nature and extent of the damages caused by Security Life's alleged breach;

(c) The nature and extent of the relief to which the Policyowners are entitled as a consequence of Security Life's alleged breach.

33. Plaintiff is committed to prosecuting this class action and has retained competent counsel experienced in litigation of this nature. Plaintiff is an adequate representative of the class that will fairly and adequately protect the interests of the Classes.

34. Plaintiff's claims are typical of those of the absent members of the Classes. If brought and prosecuted individually, the claims of each member of the Classes would require proof of many of the same material and substantive facts, rely upon the same remedial theories, and seek the same relief.

35. The claims of Plaintiff and other members of the Classes have a common origin and share a common basis based on the uniform language of the standardized Policy Contract.

36. Plaintiff's claims are sufficiently aligned with the interests of the absent members of the Classes to ensure that the Classes' claims will be prosecuted with diligence and care by Plaintiff as the representative of the Classes.

37. Plaintiff will fairly and adequately protect the interests of the Classes and has no interests adverse to or that directly and irrevocably conflict with the interests of other members of the Classes. Plaintiff is willing and prepared to serve the Court and the putative Classes in a representative capacity with all of the obligations and duties material thereto.

38. Plaintiff has retained the services of counsel, identified below, who are experienced in complex class-action litigation and, in particular, class actions involving insurance matters, who will adequately prosecute this action, and will otherwise assert, protect and fairly and adequately represent Plaintiff and all absent members of the Classes.

**FIRST CLAIM FOR RELIEF**
**BREACH OF CONTRACT**
**(Individually and on behalf of the Classes)**

39. Plaintiff repeats and realleges all allegations contained in the Complaint as if set forth separately in this Cause of Action.

40. Security Life has entered into a contract with Plaintiff and other members of the Classes, the terms of which are memorialized by the uniform language of the standardized Policy Contract.

41. The Policy Contract is a valid, enforceable contract between Security Life and Plaintiff and the other members of the Classes to whom it has been issued.

42. Plaintiff and the other members of the Classes have performed their obligations under the Policy Contract.

43. Security Life has systematically and materially breached its obligations under the standardized Policy Contract by failing to credit Policyowners with interest as provided by the uniform terms of the Policy Contract.

44. Security Life's breach has proximately caused actual and consequential damage to Plaintiff and the other members of the Classes through the underpayment of credited interest owed to them under the uniform terms of the standardized Policy Contract.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself and the other members of the Classes, prays for judgment against Security Life as follows:

A. An order certifying this action as a plaintiff class action under Rule 23 of the Federal Rules of Civil Procedure as set forth herein, and appointing Plaintiff and the counsel listed below to represent the Classes;

B. For an award of compensatory, consequential, and general damages according to proof and as the Court deems just and proper;

C. For costs of lawsuit, pre-judgment, and post-judgment interest;

D.     For an award of costs and reasonable and necessary attorneys' fees pursuant to applicable law; and

E.     For such other and further relief as the Court may deem necessary or appropriate.

## JURY DEMAND

Plaintiff and the Classes hereby demand a trial by jury of all issues so triable.

DATED:  September 27, 2019.

/s/  *Francis J. Balint, Jr.*
**BONNETT FAIRBOURN FRIEDMAN**
  **& BALINT, P.C.**
FRANCIS J. BALINT, JR.
ANDREW S. FRIEDMAN (*to be admitted*)
2325 E. Camelback Road, Suite 300
Phoenix, AZ 85016
Phone: (602) 274-1100
E-mail: afriedman@bffb.com
E-mail: fbalint@bffb.com

**MERLIN LAW GROUP, P.A.**
LARRY E. BACHE, JR.
1001 17th St #1150
Denver, CO 80202
Phone: (720) 665-9680
Email: lbache@MerlinLawGroup.com

**MERLIN LAW GROUP, P.A.**
DANIEL J. VEROFF (*to be admitted*)
1160 Battery St. East, Suite 100
San Francisco, CA  94111
Phone: (415) 874-3370
Email: dveroff@MerlinLawGroup.com

**EVANS LAW FIRM, INC**.
INGRID M. EVANS (*to be admitted*)
3053 Fillmore Street, # 236
San Francisco, CA 94123
Phone: (415) 441-8669
Email: Ingrid@evanslaw.com

**CORNERSTONE LAW GROUP**
BRIAN BROSNAHAN (*to be admitted*)
351 California Street
San Francisco, CA 94104
Phone: (415) 305-7117
E-mail: bbrosnahan@cornerlaw.com

*Attorneys for Plaintiff*